IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 2:36 pm, May 18, 2017*

FRANCISCO OCTAVIO CASTILLO-MEJIA,

    Petitioner,

    v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-106

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Francisco Castillo-Mejia ("Castillo-Mejia"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 13.) Castillo-Mejia filed a Traverse. (Doc. 15.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Castillo-Mejia's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Castillo-Mejia leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

On December 23, 2013, Immigration and Customs Enforcement ("ICE") Special Agents were alerted by a Puerto Rico Department of Transportation and Public Works Officer at the Centro de Servicios as Conductor ("CESCO") in Bayamon, Puerto Rico, that a person claiming to be Donovan Iryel Abril-Rosario presented several documents which appeared to contain discrepancies. (Doc. 13-1, p. 10.) ICE agents went to CESCO Bayamon and conducted an immigration inspection of Abril-Rosario. ICE agents asked Abril-Rosario questions regarding the documents he presented, which he could not answer, at which time agents informed Abril-

Rosario he would be detained. (Id.) Abril-Rosario then informed agents his real name is Francisco Castillo-Mejia and that he had been deported on a previous occasion. (Id. at p. 11.)

The United States District Court for the District of Puerto Rico issued a criminal complaint on February 7, 2014, charging Castillo-Mejia with reentry of a removed alien, in violation of 8 U.S.C. § 1326(b)(2). (Doc. 13-2, p. 2.) The United States Marshals Service arrested Castillo-Mejia on this same date. (Id.) Castillo-Mejia was sentenced to forty-six (46) months' imprisonment on September 9, 2014. (Id.) He was awarded 214 days' prior credit against his federal sentence from the date of his arrest until the date of his sentencing. (Id.) Castillo-Mejia has a projected release date of June 9, 2017. (Doc. 13-1, p. 7.)

In his Petition, Castillo-Mejia requests that the Court recommend to the Bureau of Prisons ("BOP") that he receive credit against his sentence for the period between December 23, 2013, through February 7, 2014, for a total of forty-five (45) days. (Doc. 1, p. 8.) Castillo-Mejia asserts that he was in "official custody/detention" under ICE's custody for this time period.

Respondent maintains Castillo-Mejia is not entitled to the credit he seeks because his time spent in the custody of ICE pending a civil deportation determination is not considered "official detention" under statute or the applicable BOP Program Statement.

## DISCUSSION

### I. Whether Castillo-Mejia is Entitled to Credit Against his Sentence for Time Spent in the Custody of ICE

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). Section 3585 of Title 18 of the United States Code is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

2

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. In addition, Program Statement 5880.28 of the Sentence Computation Manual-CCCA of 1984 implements the statutory mandate of Section 3585 and provides, in relevant part, "Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service ("INS")[1] under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability. An inmate being held by INS pending a civil deportation determination is not being held in "official detention"[2] pending criminal charges." Program Statement 5880.28, Page 1-15A, www.bop.gov/policy/progstat/5880_028.pdf (emphasis in original); (Doc. 13-1, p. 28.) This Program Statement references cases for the proposition that a deportation determination is a civil matter and is not considered "official detention" within the meaning of Section 3585 or the Program Statement. See, e.g., Ramirez-Osorio v. INS, 745 F.2d 937, 944 (5th Cir. 1984) ("A deportation proceeding is a civil, not criminal, action.") (citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1042–43 (1984)); Shoaee v.

---

[1] "Pursuant to a 2003 reorganization of the Department of Homeland Security, the former INS was merged with elements of the United States Customs Service to create ICE." Baselet v. Lappin, No. CV 311-097, 2012 WL 1167142, at *3 (S.D. Ga. Mar. 7, 2012), *report and recommendation adopted*, 2012 WL 1166960 (S.D. Ga. Apr. 9, 2012).

[2] "Official detention" is defined "as time spent under a federal detention order." Program Statement 5880.28, Page 1-14F, www.bop.gov/policy/progstat/5880_028.pdf.

INS, 704 F.2d 1079 (9th Cir. 1983); Cabral-Avila v. INS, 589 F.2d 957, 959 (9th Cir. 1978) ("The deportation proceeding, despite the severe consequences, has consistently been classified as a civil, rather than a criminal matter."). Additionally, other courts have ruled that deportation proceedings are civil rather than criminal in nature. United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000) (per curiam); Barthold v. United States INS, 517 F.2d 689, 691 (5th Cir. 1975); see also Reno v. Koray, 515 U.S. 50, 61 (1995) ("[C]redit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control."); Sanchez v. Kruger, Civil No. 3:CV-13-2025, 2014 WL 6886240, at *2 (M.D. Penn. Dec. 4, 2014) ("[G]enerally speaking, time spent in ICE custody awaiting the outcome of removal proceedings is not time in official detention that must be credited towards service of a federal detention under § 3585(b)(1).").

Castillo-Mejia was being held in ICE custody pending civil deportation proceedings between December 23, 2013, and February 7, 2014. He argues that, when he was arrested by ICE officials, they already knew he was a deportable alien. (Doc. 15, p. 1.) Castillo-Mejia also argues that he was processed and given a Marshals' number on December 24, 2013, and was taken to the Guaynabo Federal Detention Center. (Id. at pp. 1–2.) Thus, Castillo-Mejia contends he was under the BOP's control and should be entitled to the 45 days' credit against his federal sentence he seeks.[3] However, the Court disagrees.

Time spent in ICE administrative custody is not spent "pending a civil deportation determination" where the detention is a "mere ruse[ ] to detain a defendant for later criminal prosecution." Noel, 231 F.3d at 836. However, this exception "should only be applied when

---

[3] Castillo-Mejia points to 18 U.S.C. § 3621 as support for his assertions. However, this statute applies to those persons who have been sentenced to a term of imprisonment and who have been committed to the BOP's custody. 18 U.S.C. § 3621(a). Castillo-Mejia was not sentenced until September 9, 2014.

4

'the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution.'" Id. (citing United States v. De La Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000)).  Castillo-Mejia fails to offer any evidence to suggest that his ICE administrative custody was a ruse to detain him for criminal prosecution.  Even if Castillo-Mejia was housed at the Detention Center on December 24, 2013, he was not taken into the Marshals' custody until February 7, 2014, the date of his arrest on the criminal complaint, and he was not under the BOP's control.  (Doc. 13-1, pp. 14–16.)  As explained above, the BOP's Program Statement and the applicable statutes and case law support Respondent's position that Castillo-Mejia was being held in ICE administrative custody for disposition of civil proceedings unrelated to his eventual conviction on the criminal charge of illegal reentry.  Consequently, Castillo-Mejia was not held in "official detention" from December 23, 2013, through February 7, 2014, and thus, is not entitled to the forty-five (45) days' credit he seeks.

For all of these reasons, I **RECOMMEND** the Court **DENY** Castillo-Mejia's Section 2241 Petition.

**II.    Leave to Appeal** *in Forma Pauperis*

The Court should also deny Castillo-Mejia leave to appeal *in forma pauperis*.  Though Castillo-Mejia has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to

advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Castillo-Mejia's Petition and the Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Castillo-Mejia *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Castillo-Mejia's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Castillo-Mejia leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Castillo-Mejia and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of May, 2017.

*/s/ R. Stan Baker*

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA